IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASEDRICK TOLES, | ) |
| | ) |
| Plaintiff, | ) Civil Action File No.: |
| | ) |
| v. | ) |
| | ) **COMPLAINT** |
| STRATEGIC STUDENT | ) **WITH JURY TRIAL DEMAND** |
| SOLUTIONS, LLC AND | ) |
| DAVE GREEN, INDIVIDUALLY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PRELIMINARY STATEMENT**

This action for damages is based on Defendants' frequent and unauthorized calls to Plaintiff's cellular telephone to attempt to sell their fraudulent services. Plaintiff seeks monetary relief based on Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

**PARTIES**

1.     Plaintiff, Lasedrick Toles, is a natural person who resides in Fulton County, Georgia.

1

2. Defendant, Strategic Student Solutions, LLC (hereinafter "Strategic"), is a limited liability company formed under the laws of the State of Florida. Strategic Student Solutions, LLC may be served with process via its registered agent, Dave Green, at 8461 Lake Worth Road, Suite 450, Lake Worth, Florida 33467.

3. Defendant, Dave Green, is a natural person who resides in Palm Beach County, Florida, and who is the principal managing member of Strategic Student Solutions, LLC. Dave Green may be served with process at 8461 Lake Worth Road, Suite 450, Lake Worth, Florida 33467.

4. At all relevant times hereto, Defendants acted through their agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants frequently and routinely conduct business in the State of Georgia, including the conduct complained of herein. O.C.G.A. § 9-10-91(1).

7. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.  Pursuant to LR 3.1B(3), NDGa, venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

8. Plaintiff is the subscriber for the cellular telephone with the number 404-***-7282 (the "Cell Phone").

9. In or about April, 2016, Plaintiff began receiving calls on his Cell Phone from Defendants seeking to sell a service in which they allegedly complete student loan forbearance and/or forgiveness paperwork for high fees.

10. Defendants' calls to Plaintiff were made from phone number 978-252-0016.

11. The phone number set forth in Enumeration 10 above is utilized by or under the control of Defendants.

12. Since April, 2016, Plaintiff has received at least six (6) similar calls from Defendants.

13. When Plaintiff answered calls from Defendants, he heard pauses and/or clicks and a delay at the beginning of the calls.

14. Upon information and belief, Defendants used an autodialer and/or predictive dialing equipment to make their calls to Plaintiff.

15. Plaintiff never provided consent for Defendants to call him on his Cell Phone.

16. To the extent Plaintiff provided consent for Defendants to call him on his Cell Phone, Plaintiff explicitly revoked that consent.

17. Subsequent to his revocation of consent, Plaintiff did not provide additional consent for Defendants to contact him.

18. Defendants' calls to Plaintiff had no emergency purpose.

19. Rather, Defendants advised Plaintiff that their calls were for the purpose of the sale of goods or services, specifically student loan forbearance and/or forgiveness.

20. Plaintiff was unable to avoid or escape Defendants' repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

21. Once Defendants knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to his Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

22. Plaintiff carries his Cell Phone on his person at most times to be accessible to his family, friends, and workplace. Calls from Defendants have interrupted and interfered with Plaintiff's daily life and his interactions with family, friends, and coworkers.

23. Defendants' campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, (a) the consumption of "minutes" as contemplated in Plaintiff's cellular service plan, resulting in Plaintiff paying for the calls initiated by Defendant, (b) depletion of Plaintiff's Cell Phone's battery, diminishing Plaintiff's ability to use it for its intended purpose, (c) emotional distress, including frustration and aggravation, caused by the persistent calls, and (d) expenses associated with seeking to enforce Defendant's compliance with the law.

24. Defendant Dave Green had prior knowledge of the calls placed to Plaintiff and other practices alleged herein.

25. Defendant Dave Green had direct, personal participation in the calls placed to Plaintiff and other practices alleged herein.

26. Defendant Dave Green actively oversaw and directed the calls placed to Plaintiff and other practices alleged herein.

27. Defendant Dave Green personally authorized the calls placed to Plaintiff and other practices alleged herein.

28. Defendant Dave Green failed to implement appropriate policies or procedures to ensure that Defendant Strategic Student Solutions, LLC, complied with the TCPA and GFBPA.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *et seq*.

30. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

31. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

32. As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Defendants knew that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

34. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendants' knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

35. Due to the direct, active role played by Defendant Dave Green in authorizing, supervising, and participation in the calls to Plaintiff and other conduct alleged herein, he is personally liable to Plaintiff under the TCPA.

## COUNT II:
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-393(a)

36. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

37. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

38. It was an unfair business practice for Defendants to call Plaintiff's Cell Phone repeatedly, without consent.

39. It was an unfair business practice for Defendants to repeatedly call Plaintiff's Cell Phone without consent for the purpose of coercing Plaintiff to purchase goods or services.

40. It was an unfair business practice for Defendants to continue to contact Plaintiff after he requested that Defendants stop contacting him.

41. Defendants' actions have interfered with Plaintiff's daily life in a manner that he did not invite, disclaimed, and could not reasonably escape.

42. As pled above, Plaintiff was harmed by Defendants' unfair conduct.

43. Upon information and belief, Defendants regularly use repeated, unauthorized calls to consumers in its solicitation efforts.

44. Upon information and belief, repeated and unauthorized calls to consumers are Defendants' *modus operandi* for solicitation and are done on a wide scale.

45. Defendants' conduct amounts to an unfair business practice.

46. Defendants' conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

47. Defendants' conduct is therefore in violation of O.C.G.A. § 10-1-393(a).

48. Defendants do not maintain a place of business in Georgia and have no assets in Georgia thus relieving Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

49. As a result of Defendants' violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

50. Defendants' actions were intentional, rendering them liable for a mandatory award of treble damages pursuant to O.C.G.A. § 10-1-399(c), and potential additional exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

51. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

52. Due to the direct, active role played by Defendant Dave Green in authorizing, supervising, and participation in the calls to Plaintiff and other conduct alleged herein, he is personally liable to Plaintiff under the GFBPA.

### COUNT III:
### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-393.5

53. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

54. In making the telephone calls to Plaintiff alleged in this Complaint, Defendants were engaging in "telemarketing" within the meaning of O.C.G.A. § 10-1-393.5(b) and 16 C.F.R. § 310(gg).

55. Defendants' business practices constitute a "device, scheme, or artifice to defraud a person, organization, or entity" pursuant to O.C.G.A. § 10-1-393.5(b)(1).

56. By making unauthorized telemarketing calls to Plaintiff, Defendants "engage[d] in [an] act, practice, or course of business that operates or would operate as a fraud or deceit upon a person, organization, or entity" within the meaning of O.C.G.A. § 10-1-393.5(b)(2).

57. Defendants are therefore liable for violation of the Georgia Fair Business Practices Act pursuant to O.C.G.A. § 10-1-393.5.

58. As a result of Defendants' violations of O.C.G.A. § 10-1-393.5, Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

59. Defendants' actions in violation of O.C.G.A. § 10-1-393.5 were intentional, rendering it liable for a mandatory award of treble damages pursuant to O.C.G.A. § 10-1-399(c), and potential additional exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

60. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

61. In addition to any civil penalty, Defendants are subject to a criminal penalty pursuant to O.C.G.A. §§ 10-1-399.5(c) and 16-8-12.

62. Defendant Dave Green had prior knowledge of the acts alleged herein, and is therefore personally subject to criminal penalty as the managing member of Defendant Strategic Student Solutions, LLC.

63. Due to the direct, active role played by Defendant Dave Green in authorizing, supervising, and participation in the calls to Plaintiff and other conduct alleged herein, he is personally liable to Plaintiff under the GFBPA.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for:

    a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

    b.) Actual damages;

    c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

    d.) Reasonable attorneys' fees and costs pursuant to O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 29th day of August, 2016.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*

Adam J. Klein
Georgia Bar No.: 425032
*aklein@mattberry.com*

2751 Buford Highway, Suite 600
Atlanta, GA 30324

Phone   (404) 235-3334
Fax       (404) 235-3333

*Plaintiff's Attorneys*